NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JAMES NICHOLAS KARIM CAINES, IV, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> ROY HENDRICKS, et al., : <br> : <br> Defendants. : | Civil Action No. 05-1701 (JAP) <br><br> **OPINION** |

PISANO, District Judge.

Presently before the Court is a motion by defendants Malaka Umrani, R.N., George Achebe, M.D., Zhu-Ping Chang, M.D., and Paul Talbot, M.D. ("Defendants") to dismiss with prejudice (or, in the alternative, for partial summary judgment as to) all medical negligence claims against them contained in plaintiff's complaint for failure to serve an affidavit of merit pursuant to N.J.S.A. 2A:53A-26 *et seq*. For the reasons set forth herein, Defendants motion shall be granted.

I.  Background

Plaintiff, James Nicholas Karim Caines is a *pro se* litigant presently incarcerated at New Jersey State Prison (referred to herein as the "prison") in Trenton, New Jersey. Plaintiff filed his complaint in this action on April 11, 2005, against the Defendants as well as certain administrative personnel at the prison. The allegations upon which his complaint is based concern the medical care plaintiff received for a shoulder injury he incurred while in custody.

With respect to the Defendants, Plaintiff's complaint contains the following allegations:

<u>Malaka Umrani, R.N.</u>: Nurse Umrani allegedly failed "to have the proper medical attention administered, [specifically, an M.R.I that] was requested by the Orthopedic Doctor."

<u>George Achebe, M.D.</u>: Dr. Achebe allegedly failed "to have the proper medical attention administered in a continuous medical grievance."  Plaintiff further alleges that Dr. Achebe failed "to provide proper medical treatment to plaintiff . . . as well as not having plaintiff scheduled for a needed x-ray."

<u>Paul Talbot, M.D.</u>: Dr. Talbot allegedly failed "to follow-through with the Orthopedic's referrals to have [plaintiff] scheduled for a M.R.I. to determine the cause of [plaintiff's] pain . . . [so that plaintiff could] be administered the proper medical attention."  Plaintiff also asserts that Dr. Talbot failed "to provide proper medical attention on numerous accounts."

<u>Zhu-Ping Chang, M.D.</u>: Dr. Chang allegedly failed "to verbalize the appropriate orders to R.N. Mary Breninghouse for administering medical treatment."  Additionally, the complaint states that Dr. Chang failed "to have plaintiff sent out for an immediate x-ray" on the date that plaintif was injured.

While plaintiff has opposed Defendants' motion, plaintiff has not disputed that it is his intent to assert state law professional negligence claims in addition to his federal civil rights claims against these Defendants.

II.  Legal Analysis

Defendants are "licensed persons" as defined in N.J.S.A. 2A:53A-26.  Under New Jersey law, in an action for damages resulting from an alleged act of malpractice or negligence by a licensed person, a plaintiff must:

> within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.

N.J.S.A. 2A:53A-27.  The intent of this statute is to "require plaintiffs in malpractice cases to make a threshold showing that their claim is meritorious" so that frivolous claims can "be identified at an early stage of litigation." *In re Hall by and Through Hall*, 147 N.J. 379, 391 (1997).  The failure to provide an affidavit where required is "deemed a failure to state a cause of action," N.J.S.A. 2A:53A-29, and dismissal should be with prejudice unless "extraordinary circumstances" are present.  *Cornblatt v. Barow*, 153 N.J. 218, 247, 708 A.2d 401 (1998).

An exception to the requirement of an affidavit of merit exists in "common knowledge" malpractice cases, *i.e.*, where "common knowledge makes apparent a claim's merit." *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 580 (3d Cir. 2003) (citing *Hubbard v. Reed*, 168 N.J. 387, 774 A.2d 495, 499-500 (2001)).  In such cases "the threshold of merit should be readily apparent from a reading of plaintiff's complaint . . . [and] an expert is no more qualified to attest to the merits of a plaintiff's claim than a non-expert." *Natale*, 318 F.3d at 580 (alterations in original).

Plaintiff in the present case did not provide an affidavit of merit with respect to any of the Defendants.  Nevertheless, plaintiff argues that he has "preserved his claims" in this matter "by complying with the New Jersey Tort Claims Act."  Any such actions that plaintiff may have taken in that regard, however, are not relevant to the present motion.  Plaintiff has failed to file the requisite affidavit of merit pursuant to N.J.S.A. 2A:53A-27 and has not demonstrated

extraordinary circumstances to excuse this failure. Additionally, this case does not fall into the "common knowledge" exception to the affidavit of merit requirement, as the "threshold of merit" is not readily apparent from a reading of plaintiff's complaint. Accordingly, Defendants' motion shall be granted.[1]

III. Conclusion

For the reasons stated above, to the extent that plaintiff has asserted claims for medical negligence against defendants Umrani, Achebe, Chang, and Talbot, Defendants' motion shall be granted and those claims shall be dismissed. An appropriate order accompanies this opinion.

/s/ JOEL A. PISANO
United States District Judge

Dated: December 14, 2006

---

[1] Because "compliance with the affidavit of merit statute is not a prerequisite for a federal civil rights action against a doctor who is deliberately indifferent to his or her patient's medical needs," *Seeward v. Integrity, Inc.*, 357 N.J. Super. 474, 815 A.2d 1005, 1011 (App. Div. 2003), plaintiff's civil rights claims are unaffected by plaintiff's failure to comply with the statute.